## L. C. WHITENER v. W. B. BELKNAP & COMPANY.

### No. 388.—Decided February 27, 1896.

89  273
38a 664
38a 672

**1.  Power to Create Courts—Constitution.**

The Act of 24th Legislature, chap. 11, p. 10, creating the "Texarkana Civil and Criminal Court" was not an exercise of the power given to the Legislature in the Constitution, art. 5, sec. 1, to establish other courts besides those named, and prescribe their jurisdiction and organization. (Pp. 278, 279.)

**2.  Constitutionality of Legislative Act.**

An act of the Legislature must be sustained unless its enactment is expressly or by necessary implication prohibited by the Constitution. (P. 279.)

**3.  Texarkana Civil and Criminal Court.**

The act creating said court in effect attempted to create another District Court for Bowie County, its sessions to be held at Texarkana, the district judge and the clerk of the District Court to be its officers, with powers such as other District Courts have. (Pp. 279 to 281.)

**4.  County Seats Judicially Known.**

This court judicially knows that Boston is and that Texarkana is not the county seat of Bowie County. (P. 281.)

**5.  Where District Courts Shall Be Held.**

Under article 5, section 7, of the Constitution, District Courts shall be held at the county seat in each county in the several judicial districts. Such courts cannot be held elsewhere. (P. 281.)

**6.  Texarkana Civil and Criminal Court.**

If the Texarkana Civil and Criminal Court be a district court to be held at Texarkana, the act creating it is void as violative of the constitutional provision as to holding the courts in the county seat; if not a District Court, the act is void in assigning to it the district judge and other officers of the District Court; such duties cannot be imposed upon nor exercised by those officers. (P. 281.)

**7.  Jurisdiction on Appeal.**

The said court being a District Court of Bowie County, although illegally constituted, the Court of Civil Appeals has jurisdiction of an appeal involving the constitutionality of the act creating the court. (P. 282.)

QUESTIONS CERTIFIED by Court of Civil Appeals for Fifth District, in an appeal from Bowie County.

*Crawford & Crawford,* for appellant.—Is the act creating the Texarkana Civil and Criminal Court constitutional?  Section 1, art. 5, of the constitution as amended is as follows: The judicial power of the State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in courts of Justices of the Peace, and in such other courts as may be provided by law.  The Criminal District Court of Galveston and Harris counties shall continue with the district jurisdiction and organization now existing by law until otherwise provided by law. The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and inferior courts thereto.

It is under this last clause that the validity of the act is sought to be maintained.  The Constitution has carefully defined the powers and jurisdiction of each one of the courts which it has created, and there is

scarcely a conceivable case for which provision has not been made by the Constitution, but for fear that some may have been omitted, the Constitution gives the District Court general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law, or this Constitution. Now the question involved is this: Does the Constitution mean that when a new court is created and the jurisdiction of the district and inferior courts made to conform thereto, that some of the constitutional jurisdiction of the district and inferior courts must be taken from them and conferred upon the new court, or does it mean simply that a part of the territory in which these courts exercise their jurisdiction shall be taken away and given to the new court, and the jurisdiction conferred by the Constitution upon the courts which it has created be left unimpaired? In other words, does it mean jurisdiction of some part of the subject matter, or simply territorial jurisdiction? If a new court is created, clothed with some of the jurisdiction conferred by the Constitution upon the District Court, this court must lose and part with the jurisdiction given to the new court. The act in question takes nothing from the jurisdiction of the District or County Court of Bowie County; it does no more than circumscribe the area in which that jurisdiction shall be exercised. The act creating the Criminal District Court of Dallas County is an illustration. After creating the court and conferring upon it jurisdiction over all felonies committed in Dallas County, it provides that from and after the time when this act shall take effect the District Courts of Dallas County shall cease to have and exercise any criminal jurisdiction. (Laws 1893, p. 118.)

A careful comparison between sec. 1, art. 5 in the Constitution of 1876, and the same article as amended, shows that the courts which the Legislature may create under the last clause of the article are criminal courts.

As said by Chief Justice Roberts in ex parte Towles, 48 Texas, 413, it was the object of the framers of the Constitution to mark out a complete judicial system, defining the province of each of the courts and the relation of each to the others. And there is nothing in the amendment to indicate that the people, in framing and adopting the amendment, intended to depart from what had always been the policy of the State in reference to the judicial system, and leave it to the Legislature to say what courts should exist and define their jurisdiction. Punctuation is no part of a statute. Hammock v. Loan and Trust Co., 105 U. S., 84.

In providing for the creation of criminal courts the amended article makes a radical change from the original. In the amendment the courts which are common to all the State are designated by name; then follows the words, "and in such other courts as may be created by law." Then follows the clause continuing the Criminal District Court of Galveston and Harris counties. Then follows the sentence: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and inferior courts thereto."

Before the adoption of the amendment the Supreme Court had held that a single county might contain more than one judicial district.

Anticipating the increase in population and business, section 7 of the amendment authorizes the creation of any number of judicial districts, provides for at least two terms a year of the District Court in each county, and authorizes the holding of special terms, or more than two terms if the business requires it, and contains a further provision not found in the words of the original, that is, that the "regular terms of the District Court must be held at the county seat." The act creating the Texarkana court takes from the district and county courts all their constitutional jurisdiction (except in probate matters) within the territory allotted to the new court.

The Constitution does not in words, but does by necessary implication, confer upon the District Court exclusive jurisdiction over any subject matter.

Section 16 of the amendment gives to the County Court exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200, and not exceed $500, exclusive of interest. Was it intended that this exclusive jurisdiction conferred by the Constitution should be exercised only during the will of the Legislature? Certainly not. Under the Constitution this jurisdiction was co-extensive with the limits of Bowie County.

The act in question divides the county and takes from the county court more than half of it, and places in the room and stead of the county the Texarkana Civil and Criminal Court. If this act is valid there is not a court in Texas to-day that exists otherwise than by the sufferance of the Legislature.

*M. L. Crawford,* for appellant.—In State v. Martin, 30 S. W. Rep., 421, the Supreme Court of Arkansas holds that the term "a judge" does not mean one judge, and that the maxim "expressio unius est exclusio alterius" is not to be applied with the same rigor in construing a constitution as a statute. See p. 424. In Texas the maxim applies to the construction of the Constitution. Stockton v. Montgomery, Dallam .473-478; Titus v. Latmer, 5 Texas, 435.

In the case first cited it is held that the Constitution having named the civil divisions of the Republic, the Congress could not create others; hence the act of Congress creating civil divisions for judicial purposes was held void. For acts creating these unconstitutional counties, see: Vol. 1, Sayles' Early Laws, sec. 900, Paschal County; Id., sec. 906, Ward County; Acts 5th Cong., pp. 49-56-65, Spring Creek, Paschal and Ward Counties. Act authorizing the holding of the District Court at two places in Red River County, and creating the southern division of Red River County, are filed with this brief. This act held unconstitutional in Allen v. Scott, Dallam 614.

In Ellis v. The State, 20 S. W. Rep., the court says: "The question then is squarely presented, whether an act of the Legislature establish-

ing a new court at a point other than the county seat is a removal of the seat of justice? See folio 502. The power to create the court was not questioned.

State v. Hughes, 16 S. W. Rep., 489, that an act of the Legislature of Missouri authorizing the holding of the Circuit Court at two places in a county was not in conflict with the Constitution of that State. Sec. 7, art. 5, of the Constitution of Texas, requires that the regular terms of the District Court be held at the county seat.

The Constitution of 1869, art. 5., sec. 20, provides that "Justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law." The act of May 20, 1873, 2 vol. Pasc. Dig., art. 6, 405a, gives to the presiding justice in Lamar and Fannin counties concurrent jurisdiction with the District Court in certain cases. In this State the Legislature has never created a court other than municipal or police courts, and this is incident to the power to create municipal corporations. (Blessing v. Galveston, 42 Texas, 661.)

*Smelser & Mahaffey, P. A. Turner, Vaughan & Vaughan, C. S. Todd, Talbot & Hart, Hudgins & Estes, H. C. Hynson, R. W. Rodgers, Henry & Henry, Dan T. Leary,* and *F. M. Ball,* for appellee.— The law making power of the State is, by the Constitution, vested in the Legislature, which has the power in an absolute and unlimited degree to enact any law not prohibited by the Constitution, either by express provision or necessary implication, and there is no provision of said instrument which forbids the Legislature to enact this law, either express or necessarily implied, but on the contrary, its power to do so is expressly recognized and granted in sec. 1, art. 5 of that instrument. Secs. 1 and 22, art. 5 of the Constitution as amended in 1891; Lytle v. Halff, 75 Texas, 129; Orr v. Rhine, 45 Texas, 354; Brazoria Co. v. Calhoun, 61 Texas, 223; White & W. C. C., secs. 629 and 630; Kinney v. Zimpleman, 36 Texas, 576; Railway v. State, 79 Texas, 265; Wheeler v. Wheeler, 76 Texas, 489; State v. Martin (Ark. Rep.) 30 S. W. Rep., 421; Constitution of Tenn., sec. 1, art. 6; Statutes of Tenn., secs. 130 to 206; Ellis v. State, 92 Tenn. Rep. (20 S. W. Rep., 500); Rev. Stats. Mo., secs. 3321, 3346, 3378, vol. 1; 63 Mo., 330; 50 Mo., 317; State v. Hughes (Mo.), 16 S. W. Rep., 490; Rev. Stats. Miss. vol. 2, pp. 2212, 2228.

The attention of the court is specially called to Ellis v. State, 92 Tenn., and authorities there cited where such courts as this have been sustained in that State for many years. We also invite your attention specially to the Missouri statutes, Constitution and decisions, and to the Constitution and statutes of Tennessee.******

*Henry & Henry,* for appellees.—The court did not err in sustaining the appellees' demurrer to the appellant's plea to the jurisdiction of the trial

court and in striking out appellant's said plea and in rendering judgment in favor of appellees. The court had jurisdiction of this cause, had the constitutional and legal power and authority to render said judgment; and the act of the Legislature, creating the "Texarkana Civil and Criminal Court is valid and constitutional. Constitution 1876, art. 5, sec. 22; Const. Amendment, 1891, art. 5, secs. 1, 7, 8, 16, 25; Laws of 1895, pp. 10-14; Lytle v. Halff & Bro. 75 Texas, 131; Wheeler v. Wheeler, 76 Texas, 490; Orr v. Rhine, 45 Texas, 349; March v. the State, 44 Texas, 77; Henderson v. Beaton, 52 Texas, 33; Ex parte McGrew, 40 Texas, 475; Johnson v. Happell, 4 Texas, 96; Clepper v. State, 4 Texas, 244; Stone v. Brown, 54 Texas, 341; Ex parte Wilson, 14 Texas Ct. App., 594; Chapman v. State, 16 Texas Ct. App., 77; Ellis v. State, 20 S. W. Rep., 501; State ex Rel. v. Martin, 30 S. W. Rep., 422; State v. Hughes, 16 S. W. Rep., 489; Sill v. Village of Corning, 15 N. Y., 299; People v. Shepard, 36 N. Y., 285; Handley v. State, 16 Texas Ct. App., 447; People v. Draper, 15 N. Y., 543; Brandon v. Avery, 22 N. Y., 469.

Where must the District Courts be held? Constitution, art. 5, secs. 1, 7, 8, 11, 15, 16, 17 and 29, with amendments thereto; Sayles' Stats., arts. 1173-1174, 1525, 1502; Sayles' Stats., pp. 375-394, and pp. 236-263 of Sup. thereto, Gen. Laws of 1895; Jackson's Sup. to Willson's Criminal Stats., arts. on pp. 245-248; Munzesheimer v. Fairbanks, 82 Texas, 351; Lytle v. Halff & Bro., 75 Texas, 130; Wheeler v. Wheeler, 76 Texas, 490; Sevier v. Teal, 16 Texas, 372; Ellis v. State, 20 S. W. Rep., 502; State v. Hughes, 16 S. W. Rep., 490; State v. Martin, 30 S. W. Rep., 421; Const. of Mo., art. 9, sec. 2; art. 6, sec. 22; Const. of Tenn., art. 10, sec. 4.

There is no constitutional prohibition against two, seven or more District Courts sitting in one judicial district, at the same time, in two, seven or more counties. Constitution, art. 5, secs. 7 and 11; Sayles' Stats., arts. 1128b, secs. 1-6, 1094; Munzesheimer v. Fairbanks, 82 Texas, 351; Wheeler v. Wheeler, 76 Texas, 490; Lytle v. Halff & Bro., 75 Texas, 130; Ellis v. State, 20 S. W. Rep., 501; State v. Martin, 30 S. W. Rep., 421; State v. Hughes, 16 S. W. Rep., 490.

The act of 1895, creating the Texarkana Civil and Criminal Court, which requires the district judge of the judicial district (in which Bowie County may be situated) to hold the terms of said court, the district attorney thereof to represent the State in said court, and which requires the district clerk of Bowie County, or deputies, to reside at Texarkana and keep an office there and to perform the functions, duties, as district clerks are generally required to perform, and to transact the business pertaining to the office of clerk of said court, and which requires the sheriff of Bowie county to attend upon said court, and to execute its process, either in person or by deputy, and that said deputy or deputies shall reside at Texarkana, violates no provisions of the Constitution. Const. art. 5, secs. 9, 11, 20, 21, 23 and 22 and note; art. 3, sec. 19; art. 16, secs. 14 and 40; McInery v. Galveston, 58 Texas, 339; Stanfield v. State, 83 Texas, 320; Lytle v. Halff & Bro., 75 Texas, 130; Wheeler v. Wheeler, 76 Texas, 490; Railway v. State, 79 Texas, 268; Johnson v. Martin, 75 Texas, 38;

March v. State, 44 Texas, 77; State v. Moore, 57 Texas, 312; Miman v. Eidman, 1 White & W., secs. 629-630; Werner v. Galveston, 72 Texas, 22; Mora v. State, 9 Ct. Apps. (Crim.), 406; Gerald v. State, 4 Ct. Apps. (Crim.), 308; Chapman v. State, 16 Ct. App. (Crim.), 77; Handley v. State, 16 Ct. App. (Crim.), 447; Ex parte Annie Wilson, 14 Ct. App. (Crim.), 594; Hyde v. State, 52 Miss., 674; Bryan v. Cattle, 15 Iowa, 538; State v. Sweed, 26 Miss., 47; Board, etc., v. Blake, 21 Ind., 34; People v. Devlin, 33 N. Y., 269; People v. Draper, 15 N. Y., 540-6; Village v. Corning, 15 N. Y., 297; Ellis v. State, 92 Tenn., 20 S. W. Rep., 501; Benford v. Gibson, 15 Ala., 521; Atty. Gen. v. Squires, 14 Cal., 12; Farvell v. Rochland, 62 Me., 296; 5 Wait's Acs. and Defs., p. 21, Const. of Mo., art. 14, sec. 8; Constitution Tenn., art. 2, sec. 26; State v. Hughes, 16 S. W. Rep., 489; State v. Martin, 30 S. W. Rep., 421; 4 S. W. Rep., 771; 1 S. W. Rep., 769; 12 S. W. Rep., 610; Denver v. Hobert, 10 Nev., 28; Sears v. Cottrell, 5 Mich., 250; Neal v. Shinn, 49 Ark., 227; 63 Mo., 330; 50 Mo., 317.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth Supreme Judicial District has certified to this court the following statement and questions:

"In the above entitled cause the following issues of law arise, which this court deems it advisable to present to the Supreme Court of the State of Texas for adjudication, to-wit:

QUESTION I. Is the act of the Twenty-fourth Legislature of the State of Texas, entitled an "Act to establish a court at Texarkana, in Bowie County, to be styled 'Texarkana Civil and Criminal Court,' and to prescribe the jurisdiction and organization thereof, and to conform the jurisdiction of other courts thereto," constitutional?

QUESTION II. Does article 5, section 1, of the Constitution of Texas, as amended in 1891, authorize the Legislature to create a court for a part of a county, to the exclusion of the regular District Court, and to be held at a place other than the county seat, such as is provided in the act above mentioned?

QUESTION III. Does section 20 of said act confer upon this court jurisdiction to hear and determine appeals from said court?"

It is not necessary for us to determine at the present time what character of courts other than those named in the Constitution may be created by the Legislature under the provisions of article 5, section 1, of the Constitution, as amended, for the reason that the Legislature has

not in our opinion attempted, in this instance, to exercise the power therein conferred.

The Act of the Twenty-fourth Legislature of the State of Texas, entitled "An Act to establish a court at Texarkana, in Bowie County, to be styled the Texarkana Civil and Criminal Court and to prescribe the jurisdiction and organization thereof and to conform the jurisdiction of other courts thereto," (Rev. Stats., title 21, chap. 6) must be sustained as constitutional unless its enactment is expressly or by necessary implication prohibited by the Constitution. (Lytle v. Halff & Bro., 75 Texas, 132.) In order to determine whether the passing of such law is prohibited by the Constitution, we must first ascertain what has in fact been done by the Legislature by the enactment thereof. The law does not create a separate judicial district in Bowie County, which the Legislature might have done, but it provides specially that the court shall be presided over by the judge of the Fifth Judicial District or the judge of any district in which Bowie County may be thereafter embraced. It was then and to continue part of an existing district. It does not therefore come within the principles announced in the case of Lytle v. Halff & Bro., cited above.

We will examine the law to ascertain what its effect is: First. It establishes a court to be held in the city of Texarkana, Bowie County; and within that portion of Bowie County described it confers upon the court thus established, jurisdiction as follows: "All the jurisdiction, power and authority in both civil and criminal cases which is now or may hereafter be vested by the Constitution and the laws of this State in the District Courts of this State, except such jurisdiction, power and authority as are specially withheld from the said court by this chapter; and said court shall also have original jurisdiction of all suits, complaints and pleas whatever without regard to any distinction between law and equity, as well as of all proceedings under distress warrants issued by justices of the peace, when the amount in controversy shall exceed in value $200 exclusive of interest; but said court shall have no jurisdiction in probate matters, and the jurisdiction of the County Court of Bowie County as a Probate Court and the jurisdiction of the District Court of said county in probate matters shall not in any manner be affected, altered or changed by this chapter. Said Texarkana Civil and Criminal Court shall also have exclusive original jurisdiction of all criminal cases, both felonies and misdemeanors, where the offense is committed in that portion of Bowie County described in article 1531j and over which justices of the peace and mayors or recorders courts have not jurisdiction under the laws of this State, and shall have appellate jurisdiction of all cases civil and criminal over which justices of the peace and mayors and recorders courts of cities and towns have original jurisdiction and in which cases appeals are now or may hereafter be allowed to be prosecuted to the County Court." Thus all of the jurisdiction which might have been conferred under the Constitution upon the District Court of Bowie County, except in probate matters, has been con-

ferred upon this court, and all of the jurisdiction of the County Court, except in probate matters, has been likewise conferred upon it. It also provides that it should have and exercise all jurisdiction thereafter conferred upon District Courts by the Constitution or law.

Second. The judge of the District Court of the Fifth Judicial District, in which Bowie County was included, is made ex officio judge of the court, and the clerk of the District Court of Bowie County is also made ex officio clerk thereof. The district attorney of that judicial district and county attorney are required to discharge the same duties in this court that they would have discharged in the District and County Courts of Bowie County; the entire court when organized would be the same officers as in the District Court.

Third. All rules adopted or to be adopted for the District and County Courts by the Supreme Court are to apply to the court created by this act; grand and petit juries are both provided for, to be summoned, empaneled, and the investigations and trials had under the same law that governs such matters in the District Court. Except for providing a court-house and jail, the expenses of the court are to be paid by the county the same as the expenses of the District Court of that county.

Looking at the provisions of this law—if the name of the court were blank—would any lawyer hesitate for a moment to write in the act the words "District Court of Bowie County?" We think not. It has all of the jurisdiction that could be conferred upon the District Court of that county, except in probate matters; its officers are those of the District Court, its grand and petit juries are selected and governed by the same statutes, its rules of procedure are the same, and, as stated above, the expenses of holding the court are to be paid under the same provisions of the law, by the county. In other words, wherever the Constitution or the law now uses the words "District Court," or where they might thereafter be used in the laws of this State, they are to embrace and apply to that court. In every essential element it is a District Court under the Constitution; the effect of the law is to make it such court, no matter what it may be called. How it could be embraced in all laws to govern District Courts, and not be that character of court, is difficult to understand. The Legislature could not change the effect of this law by calling it the "Texarkana Civil and Criminal Court." The substance and not the name must govern in the construction of that law.

Being a District Court, does the Constitution expressly or by necessary implication forbid the enactment of such a law as this? Article 5, section 7, of the Constitution, provides for dividing the State into judicial districts and for the election of a judge for each district, prescribes his qualifications, residence and term of office, and specially provides as follows: "He shall hold the regular terms of his court at the county seat of each county in his district at least twice in each year in such manner as may be prescribed by law. The Legislature shall have power by general or special laws to authorize the holding of special terms

of court or the holding of more than two terms in any county for the dispatch of business."

The section of the Constitution quoted above specifically requires the judge to hold the regular terms of his court at the county seat of each county in his district. It follows by necessary implication that he cannot hold a regular term of his court at any other place than the county seat of the county, and the Legislature had no power to authorize or require a district judge to do that which the Constitution forbad him to do. This court judicially knows that Texarkana is not the county seat of Bowie County, but that Boston is the county seat of that county. (Carson v. Dalton, 59 Texas, 500.) This being a District Court, a regular term of such court cannot be held elsewhere than at the county seat.

The regular terms of court mentioned in the Constitution means those terms which are prescribed by law and which are to be held in each year at the times named in the statute. The terms of the court prescribed in this act are to be held at fixed dates twice in each year and are within the meaning of the Constitution regular terms of the court and cannot be held away from the county seat.

We therefore answer the first question, that the act mentioned in the question was passed in violation of the Constitution of the State and is therefore void.

If the court created by this law is not a District Court of Bowie County, then the law is void, because it has no provision for any judge to preside therein except the judge of the District Court, and no provision for any clerk of such court except the clerk of the District Court of Bowie County. Neither has it any provision for electing or appointing such officers in the future. Article 16, section 40, of the Constitution, provides: "No person shall hold or exercise at the same time more than one civil office of emolument except that of justice of the peace, county commissioner, notary public and postmaster, unless otherwise specially provided herein." If it were admitted that, so far as the judge of the District Court is concerned, this would not be to him an office of emolument, it is nevertheless such a duty as the Legislature could not compel him to perform, and it would be simply a matter of choice on his part whether he would hold the court or not. The office would be one of emolument to the clerk, and therefore, if it is not a District Court it would be an office different from that of clerk of the District Court of Bowie County and not one of those excepted by the Constitution, therefore he could not lawfully hold or perform the duties of both offices at the same time. The act, therefore, if it be considered, as we think it cannot, as creating a court different from the District Court of Bowie County, must be held void, because it does not provide any of the officers necessary to perform the duties of such court.

It is evident from this law that the Legislature undertook by this means to require the officers of the District Court of Bowie County to hold two regular terms of that court at the city of Texarkana and to deprive the District Court, sitting at the county seat, of jurisdiction over

a portion of that county. As we have before stated, holding it to be a District Court of Bowie County, this cannot be done.

It is unnecessary for us to answer the second question propounded.

This being a District Court of Bowie County, although illegally constituted, the Court of Civil Appeals has jurisdiction of this appeal to determine the matters involved herein