BEN WILLIAMS v. THE STATE.

No. 2548.   Decided October 29, 1902.

**1.—Information—Name of County Attorney—Variance—Motion in Arrest.**

It is not necessary that the name of the county attorney be set out in the beginning of an information; and where the information stated that it was presented by J. S., but was signed by Geo. S. K., county attorney, it was not subject to motion in arrest of judgment for said variance.

**2.—Same—Local Option Election.**

Where an information for violation of local option charges that defendant did sell intoxicants in a subdivision of the county after the qualified voters had voted, at an election in said subdivision in favor of prohibition, this is sufficient, and it was not necessary to further allege that said election was held in accordance with law to determine whether intoxicants should be prohibited.

Appeal from the County Court of Nacogdoches.   Tried below before Hon. V. E. Middlebrook, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement necessary.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

The motion in arrest of judgment is predicated upon the failure of the information to allege that the qualified voters of the subdivision did hold an election in accordance with the law, to determine whether or not the sale of intoxicants should be prohibited within the subdivision set up in the information, and because said information states that J. S. King, county attorney of Nacogdoches County, presented the information upon the affidavit of Jim Bowling, whereas said information is signed Geo. S. King, county attorney.   In regard to the latter question, we do not believe it to be the subject of a motion in arrest of judgment.   If any advantage could be taken of this matter, it should be presented in limine.   It is not a matter of substance, but simply a matter of form.   In fact we are of opinion that it was not necessary that the name of the county attorney be set out in the beginning of the information at all; it would have been sufficient to state, "now comes the county attorney of Nacogdoches County, and presents the information upon the affidavit," etc.

In regard to the first proposition, the information recites that an election "had been held" in the subdivision mentioned, and that such election "had" resulted in favor of prohibition in said subdivision.   We are of opinion that this contention is without merit.   The information does charge that appellant "did," in said county and subdivision, etc.,

sell intoxicants after the qualified voters of such subdivision had voted to that effect in said election. Under all the approved forms in charging this offense, this character of information has been held to be sufficient. The testimony fully supports the State's case, and shows that appellant sold intoxicants within the prohibited territory.

The judgment is affirmed.

*Affirmed.*