### J. W. STATEN v. THE STATE.

No. 1388. Decided November 15, 1911.

Rehearing denied December 13, 1911.

**1.—Occupation—Peddler—Statement of Facts.**

Where the statement of facts did not show the approval of the County Judge, the same was stricken out on motion of the State.

**2.—Same—Evidence—Levy of Tax.**

Where the order of the Commissioners' Court, levying an occupation tax for two consecutive years, was introduced in evidence, the latter covering the unpaid tax, there was no error.

**3.—Same—Commissioners' Court—Regular Term—Board of Equalization.**

Under Article 5120, Revised Civil Statutes, providing that the Commissioners' Court shall convene as a board of equalization, such term does not limit the court to such purpose and is, therefore, a regular term at which the occupation tax could be levied, and there was no error.

**4.—Same—Charge of Court— Article 723.**

Article 723, Code Criminal Procedure, does not change the rule that a failure to tender special charges in misdemeanor cases has the effect that an error in the charge of the court can not be revised.

**5.—Same—Practice on Appeal.**

In the absence of a statement of facts it must be presumed that the court charged the law applicable to the evidence and the pleading.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of peddling buggies without first paying occupation tax; penalty, a fine of $475.

The opinion states the case.

*Patteson & Patteson,* for appellant.—Upon question of levy of tax: Free v. Scarborough, 8 S. W. Rep., 490; Scott v. State, 47 Texas Crim. Rep., 176; Barns v. State, 44 Texas Crim. Rep., 473; Fouts v. State, 51 Texas Crim. Rep., 3.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted by information and complaint charged with pursuing the occupation of peddling buggies, the said occupation being one taxed by law. Upon a trial, he was convicted, and his punishment assessed at a fine of $475, being the amount of the State and county tax.

The assistant attorney-general has filed a motion asking that the statement of facts be stricken from the record, because not signed by nor approved by the county judge. From an inspection of the record it appears that while the statement of facts was agreed to by defendant's counsel and the county attorney, the county judge has not approved same, and his signature does not appear thereon. Therefore, the motion should be sustained, and the paper purporting to be a statement of facts, is ordered stricken from the record. Brooks v. State, 2 Texas Crim. App., 1; Lawrence v. State, 7 Texas Crim. App., 192; Bennett v. State, 16 Texas Crim. App., 236; Johnson v. State, 29 Texas Crim. App., 211; Opperman v. State, 35 Texas, 364; Baldwin v. State, 39 Texas Crim. Rep., 245.

The State introduced the order of the commissioners levying an occupation tax during the year 1909, which was objected to on the ground "that same was prejudicial to defendant in this: that the jury might infer that because the Commissioners' Court had levied or attempted to levy a tax for 1909, that an occupation tax had been validly and legally levied on peddling buggies for the year 1910." Inasmuch as the order levying the tax for the year 1910 was also introduced in evidence, the objection made presents no error. However, defendant also objected to the introduction of the order levying an

occupation tax for the year 1910 by the Commissioners' Court. This order reads as follows: "It is further ordered by the court that there be levied a tax on all occupations taxable by law, equal to one-half the amount of State tax on such occupation." This order is shown to have been made by the Commissioners' Court, at a session held on June 13, 1910. Appellant objected to the introduction of the order on the grounds: "(1) Because the same were the proceedings of a called term of said court and no county tax could be levied thereat; and (2) the same had not been read over and signed at the end of the term by the judge as is required by law." These are the grounds of the objection, and as the grounds of objection do not affirmatively show that same had not been signed by the judge, and the bill does not allege nor state it to be a fact, other than it is stated as a ground of objection, the second ground is insufficient. The bill does show, however, that the order was made on June 13, 1910. Article 1540, of the Revised Civil Statutes, provides: "No county tax shall be levied except at a regular term of the court and when all members of said court are present," and article 1552 reads: "The regular terms of the Commissioners' Court shall commence and be held at the courthouse of their respective counties on the second Mondays in February, May, August and November, in every year, and may continue in session one week." This Act was adopted July 22, 1876, but in 1879, the Legislature provided by law for another regular term of the Commissioners' Court. Article 5120, of the Revised Civil Statutes, reads: "The Commissioners' Court of the several counties of this State shall convene and sit as a board of equalization on the second Monday in June of each year, or as soon thereafter as practicable, before the first day of July," etc.

This term being fixed by law, it became a regular and not a called term, and there being no provisions of law limiting the acts of the Commissioners' Court when in session at a regular term, and inasmuch as June 13th would come within the week in which the second Monday in June would occur, we hold that the tax was levied at a regular term and not a called term of the Commissioners' Court.

Appellant reserved a bill of exceptions to the fifth paragraph of the court's charge, but inasmuch as no special charge was asked in regard to the matter presented in the bill, and this being a misdemeanor, no error is presented. It was held by this court in the case of Basquez v. State, 56 Texas Crim. Rep., 329: "This conviction is for a misdemeanor. The rule in misdemeanor cases is, in order to have the charge of the court reviewed, exception must be taken to the charges given, and that special instructions be requested, such as are desired, otherwise this court, under the statute, will not revise supposed errors. It may be well enough to repeat here what was said in the case of Woods v. State, 75 S. W. Rep., 37: 'This being a misdemeanor case, omissions in the charge of the court must be cured at the time by special written charge requested by appellant. His failure to make

such request, even though the omission in the charge be erroneous, will not authorize this court to reverse the case. However, appellant's counsel, in argument before this court, insists that article 723, Code of Criminal Procedure of 1895, has changed the rule with reference to misdemeanors. We have carefully examined this question and, in our opinion, said article merely extends the time of exception to the charge of the court, but in no way cures the failure of the defendant in misdemeanors to tender special charges to the court at the time of the trial. Since the adoption of article 723, this question has been before this court several times, and in each instance we have held that the old line of authorities on the question of charge in misdemeanor cases still applied. Ramsey v. State, 65 S. W. Rep., 187; 3 Texas Ct. Rep., 359; Garner v. State, 70 S. W. Rep., 213; Bush v. State, 70 S. W. Rep., 550. For authorities under the old article, see White's Annotated Code of Criminal Procedure, article 719, sec. 813, subdiv. 6.' "

In the absence of a statement of facts that we can consider, this court presumes the trial court charged the law, and all the law applicable to the evidence introduced, and if the charge is applicable to any state of facts that might be proven under the information, the judgment will be affirmed. Wright v. State, 37 Texas Crim. Rep., 146; Jones v. State, 34 Texas Crim. Rep., 642; Bell v. State, 33 Texas Crim. Rep., 163; Hall v. State, 33 Texas Crim. Rep., 537; Choate v. State, 59 Texas Crim. Rep., 266; Emmerson v. State, 58 Texas Crim. Rep., 28.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 13, 1911.—Reporter.]