## BROOKS v. FRIO COUNTY.

No. 8445.

Court of Civil Appeals of Texas. San Antonio.
May 21, 1930.

S. T. Dowe and Mason Maney, both of Pearsall, for appellant.

Walter Stout, of San Antonio, for appellee.

COBBS, J.

Appellant brought this suit against appellee on an account against Frio county for fees of office. Appellant held office as sheriff from January 1, 1925, to January 1, 1929.

Appellant presented his account for safekeeping of prisoners covering a period from January 1, 1925, to February 8, 1926, and it was paid. A resolution was thereafter adopted by the court that thereafter 60 cents per day would be allowed for support and maintenance under subdivision 2 of article 1040, C. C. P., and 15 cents for the safe-keep. This resolution was not spread on the minutes. Expense bill for prisoners was thereafter presented monthly to the commissioners' court of 75 cents per day and was paid. More than three years later, after appellant had gone out of office, he brought this suit claiming that the 75 cents did not include the 15 cents per day for safe-keep. The members of the commissioners' court had no knowledge, until after appellant retired from office, that the appellant was claiming the 75 cents per day did not include the 15 cents for safe-keep. It was understood by the commissioners' court that the 75 cents per day was in full payment of the allowance to the sheriff for prisoners.

■ No statement of facts was filed, but the court made separate findings of fact and law, which we shall be bound by, as there is nothing showing a contrary fact. Indeed the claim itself shows that it was barred by the statute of two years.

■ It is not essential to the validity of an order that it be spread of record on the minutes. If such a one was properly passed, it is susceptible of proof by oral testimony. Mecom v. Ford, 113 Tex. 109, 252 S. W. 491.

■ The law required appellant to present to the court his expenses for prisoners, and it had the right to presume appellant was complying with the law. There is no rule or requirement so necessary and important to be strictly maintained as the statutes affecting current accounts of officers.

We think this case has been properly decided, and the judgment is affirmed.