**LANDA v. STATE et al.**

No. 10655.

Court of Civil Appeals of Texas.
San Antonio.

Aug. 2, 1939.

Rehearing Denied Aug. 30, 1939.

J. M. Mothershead, of Harlingen, for appellant.

Robinson & Crowell, of Raymondville, for appellee.

322

MURRAY, Justice.

This suit was instituted by the State of Texas, suing in its own behalf and in behalf of Willacy County Road District No. 3, and any and all subdivisions of said County in whose behalf the State of Texas and the County of Willacy has authority to collect taxes, against Harry Landa and the Joint Stock Land Bank of Bexar County, for taxes alleged to be due the plaintiff and the political subdivisions, in behalf of which such suit was brought, for the years 1935, 1936 and 1937. The property against which taxes were assessed and upon which the foreclosure of the tax lien was sought is fully described in the pleadings.

The City of Raymondville and the Raymondville Independent School District intervened in the suit.

Personal judgment was denied against the San Antonio Joint Stock Land Bank, but granted against Harry Landa, and the tax lien foreclosed as to each defendant upon all the property described in the pleadings. The taxes adjudged in favor of the City of Raymondville and Raymondville Independent School District were subsequent to the judgment satisfied, and these two interveners have no interest in this appeal.

From the remainder of the judgment Harry Landa has appealed.

█ Appellant contends that the court erred in not permitting him to set up as a defense herein that the Commissioners' Court of Willacy County indulged in an illegal practice of diverting funds collected for one purpose to some other purpose. Such a defense is a collateral attack upon the order levying taxes and is not permitted in a tax suit. Art. 7329, R.C.S.1925, provides that there shall be no defense to a suit for collection of delinquent taxes, except: (1) That the defendant was not the owner of the land at the time the suit was filed; (2) that the taxes sued for have been paid; and (3) that the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess.

It has been held that the following defenses are available notwithstanding the provisions of Art. 7329: Want of power to impose the tax; that the land is not within the boundaries of the county or other taxing unit; arbitrary, discriminatory or otherwise unlawful assessments of the defendant's property; that the land on which the lien is sought is exempt from taxes, and estoppel by issuance of the collector's certificate which was relied on by a purchaser of the land who was without recourse if obliged to pay the delinquent taxes.

█ However, it is settled law that in a suit for taxes the party sued will not be permitted to defeat the tax by showing that the commissioners' court has or will transfer the money when collected, from the fund for which it was assessed and collected to some other fund.

In Cresswell Ranch & Cattle Co. v. Roberts County, Tex.Civ.App., 27 S.W. 737, 739, an attempt was made to recover certain taxes paid under compulsion and one of the grounds set up was that the tax was levied and collected ostensibly as a court house and jail tax, for the purpose of creating a court house and jail fund, without any intention or purpose of doing so, but with the intent to use the same for various other and divers general and special county purposes and to evade the limitations upon the taxing powers of the Commissioners' Court.

In passing upon this question the court used the following language: "We construe this to be a collateral attack upon the record of the tax levy. A collateral attack on a judgment is defined to be any proceeding which is not instituted for the express purpose of annulling, correcting, or modifying such decree, or enjoining its execution. Morrill v. Morrill [20 Or. 96], 25 P. 362 [11 L.R.A. 155, 23 Am.St.Rep. 95], and cases there cited. The express purpose of this suit is the recovery of money. All other matters stated in the petition are but so many grounds upon which that recovery is sought."

The court further says: "The only remedy left the taxpayer, outside of the commissioners' court, would seem to be a direct proceeding by injunction; but this remedy, even, seems to have been denied when applied for to restrain the action of the proper authorities voting a tax, on the ground, as in this case, that there was an intent to appropriate some portion of the sum voted to a purpose not authorized by law." See, also, Texas Land & Cattle Company v. Hemphill County, Tex.Civ.App., 61 S.W. 333.

█ Appellant complains because extracts from the minutes of the commissioners' court were read in evidence without first showing that such minutes had been signed by the judge and attested by the clerk, as required by Art. 2349, R.C.S.1925.

We overrule this contention. In the first place, the court will presume that the minutes of the commissioners' court are in proper form and that all requirements of the law with reference thereto have been complied with, unless the contrary is shown by proper legal evidence. Cranfill Bros. Oil Co. v. State, Tex.Civ.App., 54 S.W.2d 813; Cresswell Ranch & Cattle Co. v. Roberts County, supra; Texas Land & Cattle Company v. Hemphill County, supra; Yorktown Independent School Dist. v. Afflerbach et al., Tex.Com.App., 12 S.W.2d 130.

In the second place, the provisions of Art. 2349, supra, are directory and not mandatory. Art. 2349, R.C.S.1925; 11 Tex. Jur. p. 571; Lillard v. State, Tex.Cr.App., 53 S.W. 125; Lane v. State, 59 Tex.Cr.R. 595, 129 S.W. 353; Watson et al. v. DeWitt County, 19 Tex.Civ.App. 150, 46 S.W. 1061; Brooks v. Frio County, Tex.Civ.App., 28 S.W.2d 1107; Mecom et al. v. Ford et al., 113 Tex. 109, 252 S.W. 491; Tubbe v. Sample, Tex.Civ.App., 62 S.W.2d 362.

Appellant complains that the orders levying the taxes for the years 1936 and 1937 were not levied at a regular term of the commissioners' court, as required by Art. 2354, R.C.S.1925, in that the levy was made at the term when the court is required (by Art. 7206, R.C.S.1925) to sit as a board of equalization. We overrule this contention. The term provided for in Art. 7206, supra, is a regular term, and is such a regular term as is referred to in Art. 2354, supra. Arts. 2349, 2354, 7206, R.C.S.1925; 40 Tex.Jur. p. 133; Whitner v. Belknap, 89 Tex. 273, 34 S.W. 594; Abbott v. State, 42 Tex.Cr.R. 8, 57 S.W. 97, 98; Staten v. State, 63 Tex.Cr.R. 592, 141 S. W. 525.

We find no reversible error in the record and accordingly the judgment is affirmed.

### On Motion for Rehearing.

Appellant has filed a motion for a rehearing in which he contends that we were in error in holding that the tax complained of was levied at a regular term of the Commissioners' Court, as is required by Art. 2354, R.C.S.1925.

If we were in error in holding that the tax was levied at a regular term of the Commissioners' Court, we would nevertheless overrule appellant's fourth and sixth assignments of error for the reason that the tax now involved in this lawsuit is not a "county tax" as that term is used in Art. 2354, supra. The State and County taxes, though originally involved in this suit, were after judgment settled in full and eliminated from the cause and there are now involved only taxes which are not "county taxes." Therefore, the provisions of Art. 2354, supra, have no application to the taxes involved herein.

The motion for a rehearing has been carefully considered and is in all things overruled.