

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILSON~~N
ATTORNEY GENERAL

Honorable T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. O-6423
Re: Is it mandatory that the county
clerk or one of his deputies
attend all meetings of the com-
missioners' court as ex officio
clerk thereof, and another ques-
tion.

We acknowledge receipt of your request for an opinion
on the above matters, said request being as follows:

"1. Is it mandatory that the County Clerk
or one of his deputies attend all meetings of the
Commissioners Court as ex officio Clerk thereof?

"2. Is it mandatory that the County Clerk
attest the minutes of the Commissioners Court if
neither the County Clerk nor any of his deputies
were present at the session of the Court and have
no personal knowledge of the proceedings included
in the minutes?

"3. In the event the County Clerk is not in
attendance at the meetings of the Commissioners
Court as Ex officio Clerk, and orders are passed and
other business transacted and the County Clerk fails
to attest the minutes of the Court, will such fail-
ure invalidate the orders and proceedings of the Court?"

Article 2345 of Vernon's Annotated Civil Statutes is as
follows:

"The county clerk shall be ex-officio clerk
of the commissioners court; and he shall attend
upon each term of said commissioners court; pre-
serve and keep all books, papers, records and
effects belonging thereto, issue all notices,
writs and process necessary for the proper execu-
tion of the powers and duties of the commissioners

court, and perform all such other duties as may
be prescribed by law."

Article 2349 of said statutes is as follows:

"The court shall require the county clerk to
keep suitable books in which shall be recorded
the proceedings of each term of the court, which
record shall be read and signed after each term
by the county judge, or the member presiding and
attested by the clerk. The clerk shall also re-
cord all authorized proceedings of the court
between terms; and such record shall be read and
signed on the first day of the term next after
such proceedings occurred."

The general rules governing the keeping of the records
of the commissioners court are found in 11 Tex. Jur., Sections
41 and 42, pages 570-572 in the following language:

"Records of Proceedings - Authentication -
Seal - The Commissioners Court is required to
record upon suitable books the proceedings of
each term of court; and the minutes are required
to be read over and signed by the county judge
or the member presiding and attested by the
clerk. All authority exercised by the court
must be evidenced in that manner. It is not
necessary that a single book shall contain the
record of the court's proceedings; various books
may be kept in which proceedings relating to
particular matters may be properly recorded.
Each book kept and used for this purpose is,
within the meaning of the law, a minute-book,
and the entries therein made are minutes.

"Commissioners' courts are courts of record,
and they must authenticate all official acts, if
such authentication is required, by a seal pre-
scribed by statute.

"Entry of Orders - The requirement that every
official act of the commissioners' court shall be
evidenced by an order entered upon the minutes of
the court has been modified to the extent that
where an order is shown to have been actually made
by the court, and has been acted upon, the omission
of the clerk to record the order will not render it
or the acts done in pursuance thereof void. Al-
though an order of the commissioners' court has

never been entered upon the court's minutes, it
may nevertheless be proved by parol evidence and
given effect. The rule is necessarily different
where an order is required by the terms of a
special statute to be entered of record, or where
a general statute declares that such order shall
be bold unless recorded. It is held that the
evidence to establish a contract must be contained
in the written proceedings of the court. However,
if the court fails to place an order upon the
minutes at the time when it is made, as required
by law, the order may be entered upon the minutes
at a subsequent regular or special session."

In the case of Landa vs. State et al, 131 S.W. 321, writ
dismissed, the San Antonio Court of Civil Appeals had under con-
sideration a matter where complaint was made because extracts
from the minutes of the commissioners' court were read in evi-
dence without first showing that such minutes had been signed
by the judge and attested by the clerk, as provided for by Art.
2349, but the Court of Civil Appeals overruled such contention
on the ground that the provisions of said article are directory
and not mandatory.

The latest announcement of this rule is found in the
case of Weaver vs. Commissioners' Court of Nacogdoches County,
146 S.W. (2d) 170, wherein the Commission of Appeals was pass-
ing upon the contention that a certain order signed by the county
judge and three commissioners was the action of said officials
personally and not an official order, and that it should have
been entered upon the minutes of the commissioners' court. In
overruling such contentions, the court held as follows:

"It is well settled that an order of the com-
missioners' court actually passed is not void be-
cause not entered upon the minutes of the court,
and the fact that it was made can be shown by
parol evidence. Mecom v. Ford, 113 Tex. 109, 252
S.W. 491. See also Whitaker v. Dillard, 81 Tex.
359, 16 S.W. 1084. If the action of the court
can be proven by parol evidence, certainly it can
be proven by circumstances."

We quote and adopt the following from our opinion No.
0-6318, which had to do with a somewhat similar matter:

"It is uniformly held that the Commissioners'
Court is a court of record. Gano v. Palo Pinto
County, 8 S.W. 634; Bradford v. Moseley, 223 S.W.
171. Article 2349 above quoted necessarily makes

it so.  Any court whose proceedings are required by law to be recorded in minutes or books kept for that purpose is a court of record.

"The word 'proceedings' is used here in its ordinary sense, and means the official functions of the court.  Such functions are not limited to any particular class of functions, but on the contrary they include every official act done by the members of the court in the course of their sitting.  This would include a pertinent motion made by any member of the court in the course of passing a resolution or order whatsoever.  Such motion is an integral part of the resolution or order.  Furthermore, a motion made by a member of the court duly in session is itself a 'proceeding' in the regular and ordinary way, and, we think, should be entered upon the minutes, whether such motion receives a second or not.  In parliamentary usage in such a case the motion is lost for want of a second, and is thus effectually disposed of.

"A good reason is easily assigned, if reason for the statute were required, why such proceedings should be made a matter of record.  The Commissioners' Court is a court of general jurisdiction in this State, and as we have seen, is a court of record.  It is a court of tremendous importance, since it has jurisdiction over the county affairs of the county.  The public has a deep concern with the official acts of such court, and its proceedings therefore are of such importance as that an accurate record should be kept for the general information of the public concerned.  Moreover, while it sometimes happens that the failure to make a minute of certain proceedings is not fatal to the validity of the same (See Landa v. State, 131 S.W. (2d) 321,) and that the validity of an order properly passed is susceptible of proof, and the order may be proved by oral testimony (Mecom v. Ford, 252 S.W. 491), nevertheless, the statutory requirement for duly recorded minutes, attested by the proper officers, is the safer way, and matters of such importance should not be left to the difficult and sometimes uncertain method of proof dehors the record."

It has been held that the provisions of the statutes hereinabove referred to making it the duty of the county clerk,

either in person or by deputy, to record the proceedings of each term of the commissioners' court are directory only and not mandatory, and that the failure of the county clerk of his deputy to perform such services will not invalidate the orders and proceedings of the commissioners' court insofar as they affect public or private rights. However, it was not intended that the statutory provisions requiring the county clerk to attend upon and record the proceedings of each term of the commissioner's court should be disregarded. Art. 5970 of V.A.C.S. provides that a county clerk may be removed from office by the judge of the district court for incompetency or official misconduct, "official misconduct" being defined by Art. 5973 of said statute as follows:

> "By 'official misconduct' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer intrusted in any manner with the administration of justice, or the execution of the laws; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law." (Emphasis ours)

We trust that this satisfactorily answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/Jas. W. Bassett
Jas. W. Bassett
Assistant

JWB:LJ:wc

APPROVED MAY 12, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/GWB Chairman