ABE SMITH v. THE STATE.

No. 1656.  Decided March 27, 1912.

1.—Local Option—Sufficiency of the Evidence.

Where, upon trial of a violation of the local option law, the evidence sustained a conviction, there was no error.

2.—Same—Verdict—Bill of Exceptions.

In the absence of any grounds of objection in the bill of exceptions to the verdict of the jury, the matter can not be revised on appeal.

3.—Same—Bill of Exceptions—Evidence.

Where there was nothing in the record to indicate that the State's witness was ever sent to jail, other than as stated in the motion for new trial which was not verified by a bill of exceptions, the matter could not be reviewed.

4.—Same—Charge of Court—Alibi.

Where no exceptions were taken to the court's charge on alibi in a misdemeanor, the matter could not be reviewed.

Appeal from the County Court of Sabine.  Tried below before the Hon. T. R. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Goodrich & Lewis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under information and complaint charging him with unlawfully selling intoxicating liquors in Sabine County, the county having theretofore prohibited the sale of such liquors.  No question is raised that prohibition was in force in said county, but in the motion it is earnestly insisted that the evidence does not support the verdict.  T. R. Allen testifies positively to a purchase of whisky from appellant and his evidence would justify the jury in so finding.

The verdict of the jury is as follows:  "We, the jury, find the defendant guilty and assess his punishment at a fine of twenty-five dollars ($25) and twenty days imprisonment in the county jail." The only bill of exceptions in the record recites that "defendant excepted to said verdict at the time same was returned into court," but no grounds of objection are stated in the bill; consequently, nothing is presented that we could review other than the sufficiency of the testimony, and on this point the State's evidence, if believed by the jury, would show the guilt of appellant.

The matters complained of in the second ground in the motion are not verified by any bill of exceptions, and under such circumstances we can not review the action of the court in regard thereto. There is nothing in the record to indicate that the State's witness was ever sent to jail, other than as stated in the motion for new

trial, and this fact not being verified by the judge's signature we can not consider it.

In the third ground appellant complains of the charge of the court on alibi, insisting that it was upon the weight of the testimony. We are inclined to agree with appellant in his criticism, but this is a conviction for a misdemeanor. No exception to the charge was reserved at the time it was given, and no special charge requested in regard to the matter; consequently this does not present reversible error.

The judgment is affirmed.

*Affirmed.*