## W. D. GAMBLE v. THE STATE.

No. 1707. Decided April 17, 1912.

**1.—Disturbing the Peace—*Statement of Facts.***

Where the statement of facts was filed after the adjournment of the County Court, and no order authorizing such filing was made, the same could not be considered on appeal.

**2.—Same—Newly Discovered Evidence.**

Where the alleged newly discovered evidence was clearly insufficient to have authorized a new trial, there was no error.

**3.—Same—Excessive Punishment.**

Where, upon trial of disturbing the peace, the penalty assessed against the defendant was a fine of $25, the same was not excessive.

**4.—Same—Charge of Court—Misdemeanor—Practice on Appeal.**

In misdemeanor cases, the court will not review on appeal any question as to the charge of the court or refusal to give a special charge, unless the charge of the court is excepted to at the time and a bill of exceptions reserved.

**5.—Same—Bill of Exceptions—Argument of Counsel.**

Where the bill of exceptions did not show sufficiently as to what occurred with reference to argument of counsel and no special charge was requested, there was no error.

Appeal from the County Court of Taylor. Tried below before the Hon. T. A. Bledsoe.

Appeal from a conviction of disturbing the peace; penalty, a fine of $25.

The opinion states the case.

*E. E. Clock,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of objections to charge of court in misdemeanor cases: Basquez v. State, 56 Texas Crim. Rep., 329; Woods v. State, 75 S. W. Rep., 37.

PRENDERGAST, JUDGE.—By proper indictment appellant was charged and convicted of the offense of unlawfully cursing and abusing a certain person, naming him, and that he did use violently abusive language to and concerning the said person under circumstances reasonably calculated to provoke a breach of the peace, and the jury assessed his punishment at a fine of $25.

The term of court at which he was tried, convened October 16, 1911, and adjourned November 4, 1911. No order was made, as shown by the record, authorizing a statement of facts to be filed after the court adjourned. There appears in the record a purported statement of facts which shows to have been filed November 14, ten days after adjournment. Before our attention was called to the fact that this purported statement of facts was filed too late to authorize us to consider it (Tom Hamilton v. State, and authorities therein cited, recently decided but not yet reported), we had carefully read and studied the whole statement of facts. Under the record, as it is presented to us, we can not properly review any of appellant's complaints on which he bases error in this case.

We have also carefully gone over appellant's brief in the case and heard at the time the case was submitted the interesting oral argu-

ment of appellant's able attorney. Under the circumstances we will state the grounds of his complaint here. His first is, because of newly discovered evidence. This clearly is insufficient to have authorized a new trial. See Gray v. State, 144 S. W. Rep., 284, and authorities there cited.

The next ground is that the verdict of the jury is contrary to the law and the evidence and the punishment is unreasonable. Even, if under the circumstances, we could consider the statement of facts, it is our opinion that the great preponderance of the evidence was in favor of the State and against the appellant and as the punishment authorized by law is not less than $5 nor more than $100, under the circumstances, a fine of $25 is clearly not excessive.

The next ground is a complaint that the court did not charge a provocation might be considered in mitigation of the offense. And the only other ground of complaint is the refusal of the court to give his special charge requested by him. There is no requested charge in the record. It is the settled law of this State that in misdemeanor cases this court will not review any question as to the charge of the court or refusal to give special charges, unless the charge of the court is excepted to at the time and his bill of exceptions reserved thereto, or in case of refusal of special charges that defendant shall except at the time and present to this court by bills of exceptions. So that, as this matter is presented, no error whatever is shown. See Giles v. State, and authorities there cited, recently decided and many other cases recently decided by this court in which many cases are collated clearly establishing the law.

There appears sent up as a separate paper with the record, one bill of exceptions which was not originally included in the record, but which, by agreement of the parties is sent up to be considered the same as if a certiorari had been granted and it properly brought up. We have also considered this bill. It is to some remarks of the county attorney, but the bill itself does not show a sufficiency of what occurred to require this court to consider it, or to show any error. Conger v. State, 63 Texas Crim. Rep., 312, 140 S. W. Rep., 1112. In addition, the record does not show that appellant requested any charge to the jury, by the court, not to consider the argument by the county attorney complained of. And also, this bill can not be considered in the absence of a statement of facts which we could properly consider.

There being no reversible error presented, the judgment will be affirmed.

*Affirmed.*