### Ely Yarborough v. The State

No. 1733. Decided April 24, 1912.

</div>

**1.—Aggravated Assault—Continuance—Want of Diligence.**

Where defendant's motion for continuance showed a want of diligence and the record showed that the absent testimony would not have had much weight, there was no error in overruling same.

**2.—Same—Charge of Court—Misdemeanor.**

Complaints in the motion for new trial of the court's charge in a misdemeanor case can not be considered in the absence of an exception reserved thereto. Following Basquez v. State, 56 Texas Crim. Rep., 329.

**3.—Same—Charge of Court.**

Where the special requested charges which were applicable to the facts were covered by the court's main charge, there was no error.

**4.—Same—Self-Defense—Trespassing.**

Where defendant, upon a trial of aggravated assault, was shown to have been wrongfully on the premises of another doing an illegal act, etc., he could not claim to have acted in self-defense, and where the court submitted a proper charge and the facts were sufficient to sustain the conviction, there was no error.

Appeal from the County Court of Panola. Tried below before the Hon. W. R. Anderson.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

*H. N. Nelson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of an aggravated assault, from which judgment he prosecutes this appeal. The court did not err in overruling the application for a continuance. A companion case had been tried the previous day, appellant being present and knowing the absent witnesses were not in attendance on that case, should have applied for process for the witnesses. Two of the witnesses absent, it is stated, would testify that appellant's reputation for peace and veracity was good. Absence of character witnesses has generally been considered as no ground upon which to base an application for a continuance. The testimony of the other absent witness would be material, but by the qualification of the court, it appears that this witness was summoned to appear the first day of the term and did not appear on that day. By agreement, the case was set for trial during the third week of court, and when a companion case was called, the witness did not appear, and a motion was made in that case to continue on account of the absence of this witness. The motion was overruled, and that case went to trial, and appellant, knowing that his case would be called at the termination of that case, made no effort to secure the attendance of the witness, although he knew where he resided. Diligence is wholly lacking in this case, and if we consider the affidavits of Bowen and Bell, we can hardly conclude that the witness would testify as alleged, or if he did so testify, such testimony would have much weight when impeached by Bowen and Bell.

The complaints in the motion for new trial of several paragraphs of the court's charge, this being a misdemeanor, can not be considered,

as appellant did not except to the charge of the court at the time it was read. This question is discussed at length in Basquez v. State, 56 Texas Crim. Rep., 329, citing authorities, and the difference in procedure in misdemeanor and felony cases is there emphasized and made plain in a well considered opinion by Presiding Judge Davidson.

So much of the special charges requested, as were applicable to the facts in this case, were covered by the court's main charge. Appellant and his father, carrying guns, had gone to the house of J. R. Thrash to take cotton without warrant of law, and by force, and did do so. Mrs. Thrash, seeing that appellant and his father were armed, prevented her husband from going where they were, and she went to see if she could not prevail on them not to take the two bales of cotton. She says appellant assaulted her, threw her violently on the floor and jumped on her, placing his knees on her breast and beat her. She says he dragged her out of the house by the hair of her head, when she lost consciousness. The testimony of the physician who waited on Mrs. Thrash, and the witness who saw her immediately after the alleged assault, corroborate her. Appellant denies making any assault on Mrs. Thrash, but says when Mrs. Thrash came, his father exclaimed, "Look out there, Ely, she is going to hit you with a sweep," and he caught the sweep and wrenched it out of her hand, and she fell to the floor.

Appellant can not claim to have acted in self-defense, as he was wrongfully on the premises, doing an illegal act, with knowledge that he and others were depending solely on force, and the use of guns to accomplish their purpose. However, if he made no assault, of course, he would not be guilty of that offense, even if he was guilty of a different offense. The court, however, fully presented that theory, instructing the jury: "If you believe from the evidence that the defendant did not assault Mattie Thrasher, or if you have a reasonable doubt as to the defendant having assaulted her, you will acquit the defendant," and then gave the usual and customary charge on presumption of innocence and reasonable doubt.

The judgment is affirmed.

*Affirmed.*