8520

### CITY OF GREENVILLE v. WARD.

CITIES AND TOWNS—ORDINANCES—VAGRANCY—EVIDENCE.—A provision in an ordinance against vagrancy that the possession of money or other thing of value on the person of the accused shall not be sufficient to relieve of conviction, is only a rule of evidence and does not render the ordinance invalid.

Before DEVORE, J., Greenville, September term, 1912. Reversed.

Indictment by the city of Greenville against Mamie Ward.

From Circuit order reversing judgment of recorder, the city appeals.

*Messrs. McCullough, Martin & Blythe,* for appellant.

*Messrs. Cothran, Dean & Cothran* and *O. K. Mauldin,* contra.

April 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The respondent was convicted in the recorder's court of the city of Greenville on the

charge of vagrancy, under an ordinance, of which the fol-
fowing is a copy: "All persons who may be able to labor and
have no apparent lawful means of subsistence and neglect to
apply themselves to some honest occupation for the support
of themselves and their families, if they have families, who
shall be found loitering or without employment in the city;
all persons who acquire a livelihood by gambling or horse
racing; all keepers of gambling tables, faro banks or other
banks or devices for gambling known under any other
denomination; all persons who lead idle and disorderly lives;
all persons who knowingly harbor thieves and felons; all
persons not following some honest trade or occupation or
not having some known or visible means of gaining a fair,
honest and reputable livelihood; and all persons engaged in
any unlawful calling whatsoever, shall be deemed vagrants,
and, upon conviction in the city court, shall be punished by a
fine of not more than fifty dollars, or by imprisonment for
not more than thirty days for every such offense. *In order
to escape conviction hereunder it shall not be sufficient for
the accused to have upon his person or in his possession
some money or other things of value; nor shall such money
or other thing of value be deemed or taken as a visible means
of gaining a livelihood within the meaning of this section.*"

The Circuit Court reversed the judgment of the recorder's
court on the ground that the recorder erred in charging his
jury the last sentence of the ordinance, which is italicized,
because that portion of the ordinance deprived the jury of
the right to pass upon the fact whether defendant was, at the
time of her arrest, making a fair, honest and reputable liv-
ing.   In other words, as we understand it, the ruling was
that the charge was upon the facts.

We think the ruling was erroneous.   There is nothing in
that part of the ordinance which renders it invalid.   It
merely establishes a rule of evidence, that the mere fact that
the accused has money or other things of value in his posses-
sion shall not be sufficient to prevent a conviction; and that

the possession thereof shall not be deemed or taken as a visible means of gaining a livelihood. This does not prevent the jury from considering such facts, and giving them such weight as, in their opinion, they should have. The weight which should be given them will depend upon a variety of circumstances,—among others, the manner in which the money or property was obtained. If it was obtained honestly, it might be sufficient to prevent conviction, but if it was obtained in the unlawful pursuits condemned by the ordinance, to allow its possession to be sufficient evidence to prevent conviction would practically destroy the ordinance.

Reversed.