## J. R. BEST v. THE STATE.

### No. 2791. Decided December 10, 1913.

### Rehearing denied March 25, 1914.

**1.—Murder—Bill of Exceptions—Reproduction of Testimony.**

Upon trial of murder and a conviction for manslaughter, there was no error in introducing in evidence part of the statement of facts made up on the first trial of the case which purported to be a part of the testimony of the defendant on said former trial, the official stenographer being absent from the State; besides, the bill of exceptions was defective.

**2.—Same—Rule Stated—Bill of Exceptions.**

The allegations in a bill of exceptions should be full and explicit so that the matters presented to the court on appeal for revision may be comprehended without recourse to inferences.

**3.—Same—Bill of Exceptions Must Be Explicit.**

A bill of exceptions should be so explicit as to enable the court on appeal to fully understand all the facts upon which the correctness or error of the ruling depends.

**4.—Same—Must Set Out Proceedings—Bill of Exceptions.**

The bill of exceptions must set out the proceedings in the court below sufficiently to enable the court on appeal to know that an error has been committed, and must disclose in itself all that is necessary, and enough of the evidence to manifest the supposed error.

**5.—Same—Motion for New Trial—Bill of Exceptions.**

A bill of exceptions can not be aided either by a statement in reply to a motion for new trial or by the statement of facts.

**6.—Same—Controls Statement of Facts—Bill of Exceptions.**

A bill of exceptions controls even the statement of facts.

**7.—Same—Must be Verified—Bill of Exceptions.**

Objections or the mere statement of the ground of objection in the bill of exceptions is not the certificate of the judge that what is stated is true, but is a mere objection of the parties.

**8.—Same—Omissions—Inferences—Bill of Exceptions.**

Inferences will not be indulged in to supply omissions in a bill of exceptions, nor will the court on appeal supply omissions or aid the bill by inferences or presumptions.

**9.—Same—Waiver—Bill of Exceptions.**

Objections not affirmatively mentioned in the bill of exceptions are deemed to have been waived.

**10.—Same—Objections—Bill of Exceptions.**

A bill of exceptions to the admission of evidence is incomplete and insufficient which simply states the grounds of objections to the errors, but fails to state as matters of fact the matters upon which the objections were predicated.

**11.—Same—Evidence—Defendant as a Witness—Hearsay.**

Whatever an accused states or admits to any person when he is not under arrest, etc., can be proved by anybody who heard him make the admission, and it is not hearsay, and this includes his testimony on a former trial.

**12.—Same—Statement of Facts—Evidence.**

Because what defendant had testified to on a former trial was contained in a statement of facts would not make it inadmissible.

**13.—Same—Oral Testimony.**

A statement of facts of defendant's testimony upon a former trial while not the testimony of another witness, is his own, and, therefore, admissible.

**14.—Same—Condensed Statement—Reproduction of Testimony.**

Defendant's testimony at a former trial contained in a statement of facts prepared for an appeal, being a condensed statement of the testimony, would not make it inadmissible on that ground.

**15.—Same—Narrative Statement—Question and Answer.**

The testimony of defendant on a former trial contained in a statement of facts need not be in question and answer form to be admissable on trial; all that is necessary is that what is given is a narrative statement of his testimony.

**16.—Same—Signature of Defendant—Witness.**

Testimony of the defendant given upon a former trial need not be signed by him in order to make it admissible in evidence; besides, such testimony is never signed by the witness.

**17.—Same—Evidence—Bill of Exceptions—Statement of Facts.**

Where the bill of exceptions to the admission of the statement of facts made up during a former trial, containing part of the testimony of the defendant, did not exclude the idea that the testimony was not proven up in some of the methods prescribed by law to render it admissible, the same was defective and could not be reviewed on appeal.

**18.—Same—Reproduction of Testimony—Witness.**

Former evidence of a witness may be established by the testimony of any person who can swear to it from memory, including a committing magistrate, the stenographer, the county clerk, or a juryman. Following Black v. State, 1 Texas Crim. App., 368, and other cases.

**19.—Same—Rule Stated—Reproduction of Evidence—Practice.**

It has been the uniform practice of all the courts in this State to permit, when proper, the testimony of a party given on a former trial to be proved by anybody who heard his testimony and can undertake to reproduce it. Following Patterson v. State, 63 Texas Crim. Rep., 297.

Appeal from the District Court of Baylor. Tried below before the Hon. Jo. A. P. Dickson.

Appeal from conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*T. T. Bouldin* and *Hart & Woodward,* for appellant.—On question of sufficiency of bill of exceptions and objections to admission of statement of facts on former trial: Franklin v. State, 63 Texas Crim. Rep., 438, 138 S. W. Rep., 112; Smith v. State, 66 Texas Crim. Rep., 593, 148 S. W. Rep., 722; Barber v. State, 64 Texas Crim. Rep., 96, 142 S. W. Rep., 577; Patterson v. State, 63 Texas Crim. Rep., 297, 140 S. W. Rep., 1133; Cornelius v. State, 54 Texas Crim. Rep., 173, 112 S. W. Rep., 1050; Betts v. State, 65 Texas Crim. Rep., 368, 144 S. W. Rep., 677.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of manslaughter and his punishment fixed at three years in the penitentiary. This is the second appeal in this case. The first is reported in 61 Texas Crim. Rep., 551.

There is but one question raised and presented on this appeal. It is shown by appellant's only bill of exceptions. Omitting the number, style of the cause, and the term and county of the court below, we will quote the bill of exception in full:

"Be it remembered that upon the trial of the above entitled and numbered cause the State introduced in evidence a part of the statement of facts of a former trial of this case in this court at the August term, 1910, filed in this court October term, 1910, being the statement of facts in said cause as agreed upon and signed by the attorneys for the State and the attorneys for the defendant and certified to as being correct by the official stenographer of the court, who is now absent from this State, and living in another State, and approved by the court. Said statement not being signed by the defendant, and which purported to be a part of the testimony, of the defendant on the trial as it appeared in said statement of facts and was as follows: 'I have testified at every trial that Charles Hand got over the fence; I testified that here a year ago, and at Matador

on a former trial of this case.  I testified that Charles Hand was coming over it or got over it; and I now testify that he got clear over the fence, yes, sir, he got over the fence.  I don't say that Hand got any distance from the fence but he got over the fence and I so testified to that fact at Matador.  I am sure that Hand was on the side of the fence that I was at the time I commenced shooting at him, and the next time I saw him he was on the other side of the fence getting up.  I knew he was between me and the fence, he was two or three feet over the fence when I commenced shooting and when I finished shooting he was right close to the fence on the other side getting up.  I will say at least that Charlie Hand was clear over the fence, when I commenced shooting at him, for I backed back as he was getting over the fence, and when he got over the fence and started toward me . . .'  This testimony was offered and admitted after the State had asked defendant if he did not testify at said former trial, as above set out in quotations, and he stated and testified that he had not so testified.  This was while he was on the stand.

"To which said statement and testimony as offered, defendant objected for the following reasons: 'It is hearsay, it is contained in the statement of facts agreed to by the attorneys, it is not the testimony of any witness who heard the defendant so testify, it is a reproduction of his testimony condensed in the statement of facts.  Because it is not the question and answer in the form that the stenographer made it, there being a stenographer at that time who took down the testimony, and is now out of the State of Texas.'  'That testimony is not signed by the defendant, nor does it purport to be signed by him.'  And which objections were overruled by the court and the testimony admitted, to which ruling of the court the defendant then and there in open court excepted, and tenders this his bill of exceptions No. 1, and asks that the same be signed, approved and filed as part of the record in this case, which is here accordingly done.  Jo. A. P. Dickson, Judge 50th Judicial District of Texas."

The rules for the requisites of a bill of exceptions in a criminal case have been established for a time "whereof the memory of man runneth not to the contrary."  They have so uniformly been adhered to and reiterated and so many cases and principles cited stating them, that it is unnecessary to now collate the authorities or any of them.  We will mention some of these rules which are applicable to the above bill of exceptions.

1.  The allegations thereof should be full and explicit so that the matters presented to the court on appeal for revision may be comprehended without recourse to inferences.

2.  They should be so explicit as to enable the court on appeal to fully understand all the facts upon which the correctness or error of the rulings depends, otherwise they will not be considered.

3.  It must set out the proceedings in the court below sufficiently to enable the court on appeal to know that an error has been committed.  It must be so full in its statements that in and of itself it will disclose all that is necessary to manifest the supposed error and must state enough

of the evidence, of facts proven, to render intelligible the ruling excepted to.

4.   It can not be aided either by a statement in reply to a motion for new trial or by the statement of facts.

5.   It controls even the statement of facts.

6.   Objections or the mere statement of the ground of objection in the bill, is not the certificate of the judge that what is stated is true. It is the mere objections of the party.

7.   Inferences will not be indulged to supply omissions in them. Nor will the court, on appeal, supply omissions, nor aid the bills by inferences or presumption.

8.   Objections not affirmatively mentioned in the bill are deemed to have been waived.

9.   A bill to the admission of evidence is incomplete and insufficient which simply states the grounds of objections to the errors, but fails to state as matters of fact the matters upon which the objections were predicated.

These rules are taken from section 857, p. 557, and section 1123, p. 732 et seq., of Judge White's Ann. Code Crim. Proc. He collates and cites in support of each many of the early decisions of this court. These rules have been adhered to, without any modification of them, by this court down to this very day. A great many cases decided since those collated by Judge White could be cited on each and every one of them, but we deem it a useless task to hunt them up, collate and cite them now.

It is unnecessary to analyze this bill to show that neither of the rules above stated have been complied with. Reading the bill in connection with them, points each one of them out. We think it unquestionable, therefore, that this bill is insufficient to require or authorize this court to review the question attempted to be raised.

But let us take appellant's objections at the end of the bill in the last paragraph thereof, which are mere objections and not statements of fact, approved by the judge as such, and consider them. In order to take each one, we will subdivide them by letters as follows:

(a)   "It is hearsay." We answer that it is not hearsay. Whatever an accused states or admits to any person when he is not under arrest, etc., can be proven by anybody who heard him make the admission or statement, and the testimony of such person is not hearsay. So what appellant testified on a former trial of this case is not hearsay.

(b)   "It is contained in the statement of facts agreed to by the attorneys." Certainly, because what he had testified to on a former trial was not contained in a statement of facts would not make it inadmissible.

(c)   "It is not the testimony of any witness who heard the defendant so testify." Certainly it is not, nor does it purport to be the testimony of any other witness, but purports to be his own testimony.

(d)   "It is a reproduction of his testimony condensed in the statement of facts." If that is true, then it would be clearly admissible. That

it was a condensed statement of his testimony would not make it inadmissible.

(e) "It is not the question and answer in the form that the stenographer made it." It need not be in question and answer form. All that is necessary is that what is given is a narrative statement of his testimony.

(f) "That the testimony is not signed by the defendant, nor does it purport to be signed by him." It would not have to be signed by him in order to make it admissible. The testimony given by an accused or any other witness on the final trial of a cause in the trial court is never signed by the witness.

So that considering each and every one of appellant's objections they nor either of them show any error whatever in the ruling of the court.

It will be noticed that the bill of exceptions does not show, as a statement of facts or otherwise, that it was not agreed by the parties that the said admitted testimony had not been agreed to as the testimony of the appellant on the former trial of the case. Nor does the bill in any way show that no witness was introduced who testified that the appellant had given this testimony on the previous trial. In other words, it by no means excludes the idea that the testimony was not proven up in some of the methods prescribed by law to render it admissible.

" 'Former evidence of a witness may be established by the testimony of any person who can swear to it from memory, including a committing magistrate, the stenographer, the county clerk, or a juryman.' 16 Cyc., 1110; Black v. State, 1 Texas Crim. App., 368; Sullivan v. State, 6 Texas Crim. App., 319. . . . It has been the uniform practice of all the courts, both civil and criminal, in this State to permit, when proper, of a party given the testimony on a formal trial to be proven by anybody who heard his testimony and can undertake to reproduce it." Patterson v. State, 63 Texas Crim. Rep., 297.

The judgment will be affirmed.                    *Affirmed.*

[Rehearing denied March 25, 1914.—Reporter.]

