### G. B. BRANCH v. THE STATE.

#### No. 2865. Decided April 1, 1914.

**1.—Vagrancy—Validity of Law.**

Subdivision d of article 634, Penal Code, providing that all able-bodied persons who habitually loaf, loiter and idle in any city, etc., and who have no visible means of support, etc., are vagrants, is valid, and a conviction thereunder upon sufficient proof warranted. Following Ex parte Strittmatter, 58 Texas Crim. Rep., 156.

**2.—Same—Sufficiency of the Evidence—Case Stated.**

Where the proof for the State showed that defendant was an able-bodied man and habitually loafed, loitered and idled in the town, without any visible means of support, the conviction was sustained, although he may have had money secreted about his person or on hand with which he paid for some groceries, as he may have secured such money in an unlawful and improper way.

**3.—Same—Bill of Exceptions—Evidence.**

Upon trial of vagrancy, there was no error in excluding certain proffered testimony that defendant at the time he was charged in the information with

the offense of vagrancy had sufficient money in his possession for his immediate use, etc., it having been shown that he habitually loafed, loitered and idled in the town without regular employment and without any visible means of support, besides, the bill of exception was insufficient.

**4.—Same—Statutes Construed—Legal Status—Vagrancy.**

The object and purpose of the present vagrant statute is that when the status or course of conduct of a person is that of one who habitually loafs, loiters and idles in a town or village the larger portion of his time, without any regular employment and without any visible means of support, he shall be punished because of such status or course of conduct, and it is no defense to show that he may have money secreted about his person, etc. Following Parshall v. State, 62 Texas Crim. Rep., 177.

**5.—Same—Words and Phrases—Definitions.**

The word "visible" is defined by lexicographers to mean noticeable, open, conspicuous, apparent, obvious, plain, patent, etc.

**6.—Same—Jury and Jury Law.**

Upon trial of vagrancy, where the regular panel of the jury was discharged for having heard the evidence in a former trial, etc., there was no error in the court's action in ordering the sheriff to summon talesmen from whom defendant was forced to select a jury.

**7.—Same—Requested Charges—Practice in Misdemeanor Cases.**

In the absence of bills of exception to the refusal of requested charges in a misdemeanor case or any showing in the record, and in the absence of such bill of exceptions to the court's charge at the time and the assignment of specific reasons, the same could not be reviewed on appeal. Following Giles v. State, 66 Texas Crim. Rep., 638, and other cases.

Appeal from the County Court of Collingsworth. Tried below before the Hon. R. H. Cocke.

Appeal from a conviction of vagrancy; penalty, a fine of $50.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of vagrancy and fined $50. Our Constitution, sec. 46, art. 3, requires the Legislature to "enact effective vagrant laws." In compliance with the Constitution our Legislatures have from time to time passed vagrant laws. Until 1909, previous enactments had been found to be inefficient to reach the evil; so that, in 1909, p. 111, the Legislature redrafted the law on this subject, intended to meet the evil. By this Act, which is article 634 et seq. of our Penal Code, among other things, it is enacted: "The following persons are and shall be punished as vagrants, viz.: . . . (d) All able-bodied persons who habitually loaf, loiter and idle in any city, town or village, or railroad station, or any other public place in this State for the larger portions of their time, without any regular employment and without any visible means of support. An offense under paragraph (d) of this article shall be made out whenever it is shown that any person has no visible means of support, and only occasionally

has employment at odd jobs, being for the most of the time out of employment." This particular subdivision, in a clear and able opinion by Judge Ramsey for this court, in Ex parte Strittmatter, 58 Texas Crim. Rep., 156, was discussed and held perfectly valid.

This prosecution was under this subdivision of this statute and the proof is ample, clear and sufficient to show that appellant was a vagrant as defined and designated thereunder. In fact, he does not claim that the evidence was not sufficient to sustain the verdict. He does claim, by two bills, that the court erred in excluding certain proffered testimony by him to the effect that at the time he was charged in the information with this offense he had sufficient money in his possession for his immediate needs and that he had on his person $40 at the time he was arrested and that at the time he was charged in the information herein with being a vagrant and for several months prior thereto he had bought groceries from a certain merchant and paid cash therefor. Both of these bills are wholly insufficient and too meager to authorize or require this court to consider the questions attempted to be raised thereby. James v. State, 63 Texas Crim. Rep., 75; Conger v. State, 63 Texas Crim. Rep., 312, and authorities therein cited; Best v. State, 72 Texas Crim. Rep., 201, 164 S. W. Rep., 996, recently decided but not yet reported. Even if we could consider the questions attempted to be raised by the exclusion by the court of said testimony presents no reversible error.

The proof by the State clearly showed that appellant was an able-bodied man; that he habitually loafed, loitered and idled in the town of Dodsonville, not only for the larger portion of his time for some three months continuously prior to the time of this prosecution, but that he had no regular employment and was without any visible means of support; that he may have had some money on his person and that he may have paid cash for some groceries he bought, would be no evidence that he was not an able-bodied person, nor that he did not habitually loaf, loiter and idle about said town, not only for a larger portion, but for the whole of his time, and that he had no regular employment, nor was without visible means of support. The word "visible" is defined by Webster to mean "noticeable; apparent; open; conspicuous." In the Sixth Century Dictionary as: "Apparent; open, conspicuous, as a man with no visible means of support; discoverable; insight; obvious; manifest; clear; distinct; plain, patent; unmistakable." Gale v. Mutual Aid, etc., 21 N. Y. Supp., 893-5. Visible means perceptible by the eye, that may be seen; apparent or obvious. Kansas City, etc. v. Ryan, 35 Pac., 292-4; 52 Kans., 637.

The object and purpose of our said vagrant statute on this subject is that when the status, or course of conduct of a person is that of one who habitually loafs, loiters and idles in a town or village the larger portion of his time without any regular employment and without any visible means of support, he shall be punished because of such status, or course of conduct (Parshall v. State, 62 Texas Crim. Rep., 177), and when such status or course of conduct is shown, it is no defense to show that he

may have money secreted about his person, or. on hand with which he pays for some groceries, for he may have secured such money by gambling or other unlawful and improper way, as suggested by the evidence in this case and his status or course of conduct as proved, and not by honest and remunerative employment. The deputy sheriff, Mr. Gillespie, testified, among other things, that for some thirteen days before the complaint was filed in this case,—and he was watching him to see what he did and did not do,—"he would see him most any hour of the day standing or sitting around on the streets near a restaurant or cold drink stand. Every time I would pass him, he would dance some little jig and ask if anyone knew where he could find a poker game."

By another bill it is shown that at the first of the September term, 1913, of the County Court, appellant was put on trial for this offense and that a mistrial resulted because of a hung jury; that there were only twelve jurors in the panel and six of these were the jurors on this mistrial; that the other six were in the court at the time of that trial and heard all the evidence. He thereupon sought a continuance when the case was called a second time at which this conviction resulted, so as to, at the next term, get a jury regularly drawn by the jury commissioners; that when the case was called this second time the court inquired of the other jurors who had not served on this first mistrial if they had heard the evidence and upon their answering they had, he ordered the sheriff to summon twelve talesmen from which appellant was forced to select a jury to be tried and overruled his motion for continuance. Our statute expressly authorizes that when a jury has been discharged because of failure to agree, the case may be again tried at the same term of court (art. 761, C. C. P.). Our statute (art. 715, C. C. P.) also provides that when from any cause there are no regular jurors for the week from whom to select a jury the court shall order the sheriff to summon forthwith such number of qualified persons as may be deemed expedient and from those summoned the jury shall be formed to try the case.. The court correctly acted in this matter.

Appellant requested three special charges which were refused by the court. No bill of exception was taken to the refusal of these or either of them. No reason is given therein or otherwise in the record why they should have been given. The only way he complained of this in his motion for new trial was as follows: "Because the court erred in refusing to give special charges Nos. 1, 2 and 3, requested by defendant." Simply that and nothing more.

In his motion for new trial he also complains of one sentence in the court's charge, but he took no bill of exceptions thereto at the time of the trial or at any other time. It has so long been the well established law of this State that in misdemeanor cases the only way this court is authorized to consider complaints of the charge of the court and the refusal of special charges requested, is by bill of exception taken at the time to the charge of the court in the matters attempted to be complained of and to the refusal of the court to give special charges re-

quested giving in the bill therefor the specific reasons why the court erred in giving the charge complained of or, as the case may.be, in refusing the special charge, that it seems needless to restate this principle, or cite the authorities. But we will here call attention to some of them. Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317, where the statutes and a large number of the earlier cases are cited; Perkins v. State, 65 Texas Crim. Rep., 311, 144 S. W. Rep., 241; Mealer v. State, 66 Texas Crim. Rep., 140, 145 S. W. Rep., 353; Golden v. State, 66 Texas Crim. Rep., 262, 146 S. W. Rep., 945; Cabiness v. State, 66 Texas Crim. Rep., 409, 146 S. W. Rep., 934; Yarbrough v. State, 66 Texas Crim. Rep., 324, 147 S. W. Rep., 270; Gowans v. State, 64 Texas Crim. Rep., 401, 145 S. W. Rep., 614; Milam v. State, 66 Texas Crim. Rep., 249, 146 S. W. Rep., 185; Smith v. State, 65 Texas Crim. Rep., 658, 145 S. W. Rep., 918; Gamble v. State, 66 Texas Crim. Rep., 297, 146 S. W. Rep., 551; Luttral v. State, 64 Texas Crim. Rep., 411, 142 S. W. Rep., 588; Staten v. State, 63 Texas Crim. Rep., 592, 141 S. W. Rep., 525. For further collation of some of the older cases see sec. 813, subdivision 6, White's Ann. C. C. P.

None of appellant's complaints of the refusal of his special charges, or to that of the court's, can, therefore, be considered. The judgment is affirmed.

*Affirmed.*