Massie McClendon v. The State.

No. 5208. Decided November 20, 1918.

**1.—Murder—Continuance—Motion for New Trial—Practice on Appeal.**

A statement of facts of the evidence given on motion for new trial, because of the overruling of a motion for continuance, must be filed in term time, in order to enable this court to consider it; besides, there was no error in overruling the motion. Following Reyes v. State, 81 Texas Crim. Rep., 588.

**2.—Same—Evidence—Bills of Exception—Practice on Appeal.**

Where the bills of exception to the refusal of admitting certain testimony did not comply with the well established rules in the preparation of such bills, they can not be considered on appeal. Following Best v. State, 72 Texas Crim. Rep., 201, and other cases. Besides, there was no error if the bills were considered. Following Clayton v. State, 67 Texas Crim. Rep., 311, and other cases.

Appeal from the District Court of Smith. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Hanson & Butler,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted of murder with the lowest penalty assessed.

He contends that the court erred in overruling his motion for a continuance and in overruling his motion for a new trial on that ground. The killing of which he was convicted occurred on April 25, 1917. He was arrested for that offense on that date. The indictment was preferred October 12, 1917, which was doubtless the first term of court after the alleged offense. He was not tried until May 28, 1918. The witness for whom he sought a continuance was his wife. He had no

process for her until May 11, 1918. It was not served. The State contested his motion for a continuance alleging that he had used no diligence to procure the witness, and that he knew that he had knowledge of where she was at least ten days before the trial and that he failed and refused to have process issued for her to secure her attendance. That she lived in a near county, only a short distance, and she could have been present if he had used proper diligence to secure her attendance. To his contest he attached an affidavit of one of appellant's witnesses, Mr. Suber, who swore that on Saturday, the week before, which would be about ten days before this case was called for trial, appellant told him that a negro soldier from Camp Travis had told him that he saw his wife at the depot in Kemp, Kaufman County, when the negro soldier went through there, and that appellant told the witness that he knew from this information that his wife was at Kemp, in Kaufman County, Texas; and further, appellant also told him that if the other side wanted his wife they could get her, that he did not want her as a witness on the trial of his case.

The court heard evidence on appellant's motion for a new trial after his conviction on the ground set up therein of claimed error of the court in overruling his motion for a continuance. That evidence is appended to the statement of facts of the evidence on the main trial but it was not filed in the court below until September 25, 1918, the court having adjourned on June 29th, at which he was convicted. Hence under all the authorities that statement of facts can not be considered as it must be filed in term time in order to enable this court to consider it. See Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 532, where some of the cases are collated. There was no error in overruling his motion.

Appellant has two bills of exception, neither of which in any particular complies with the well established rules in the preparation of bills of exceptions which would entitle him to have them considered. (James v. State, 63 Texas Crim. Rep., 75; Best v. State, 72 Texas Crim. Rep., 201; Lowe v. State, 206 S. W. Rep., 519, not yet reported, where the rules and authorities are collated.) In one, after the style and number of the cause, he avers that the State introduced this testimony: While he was on the witness stand the district attorney asked him: Now, in a conversation with Mr. Suber didn't you tell him that if the State wanted your wife as a witness that they knew where to get her; that you didn't want her? To which he answered, no, sir. His objections were that it was immaterial and irrelevant in so far as the issues are concerned in this case and could only be used for the purpose of inflaming the minds of the jury against the defendant. And the court overruled his objection, to which he excepted. This is in substance the whole of that bill.

The next is just like it, averring that on the trial the State introduced the following testimony: While he was on the stand the district attorney asked him: Did you know where your wife was before this

case was called for trial? And didn't a soldier boy from Camp Travis tell you that she was at Kemp, Texas, in Kaufman County? To which question he made the same objection that he did in the previous bill. That the court overruled his objection and permitted the witness to answer: It wasn't a soldier boy, a boy told me he saw her, but wasn't for certain at what place—it was out here towards Kemp or Kaufman, one of these places, he wasn't sure which place it was. To which he objected.

It is so apparent that neither of these bills comply with the rules as to prevent their consideration. But if they could be considered, neither of them presents any reversible error. In the first bill his answer would exclude any injury to him. · (Clayton v. State, 67 Texas Crim. Rep., 311, and cases cited; Tinsley v. State, 52 Texas Crim. Rep., 97; Bond v. State, 20 Texas Crim. App., 421; Post v. State, 10 Texas Crim. App., 579; King v. State, 42 Texas Crim. Rep., 108; Kline v. State, 78 Texas Crim. Rep., 609, 184 S. W. Rep., 819, and cases cited.

Even if it could be held from consideration of the whole record that the testimony was irrelevant and immaterial it could not be held to be such a vital error as to affect the merits of the case or appellant in any way injurious. The jury assessed the lowest punishment.

Nothing else is raised requiring notice.

The judgment is affirmed.

*Affirmed.*