THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY CRAMER and Another, Appellants.

Court of Special Sessions, City of New York, Appellate Part, First Department, August 27, 1930.

*Marks Wolff*, for the appellants.

*Thomas C. T. Crain, District Attorney* [*George E. Hall* of counsel], for the People.

McINERNEY, P. J. Appeal from a conviction after a joint trial of these cases before a city magistrate adjudging the defendants to be vagrants.

The conviction is reversed and a new trial ordered, as testimony prejudicial to the defendants was received in evidence over the objection of the attorney for the defendants.

SALMON, J., concurs.

FRESCHI, J. (concurring). This is a vagrancy proceeding under section 887, subdivision 10, of the Code of Criminal Procedure, in which these defendants were convicted of being vagrants and sentenced to serve a term of imprisonment in the workhouse. The statute (*supra*) applicable to this case provides: " The following persons are vagrants: * * * 10. A person who has been more than once convicted as a pickpocket, thief, or burglar, and having no visible means of support, found loitering about steamboat landings, railroad stations, banking institutions, crowded thoroughfares, cars, omnibuses, hotels, or any public gatherings or assembly, and unable to give a satisfactory explanation of his presence."

One Joseph Coppola was about to sail from a New York dock at the foot of West Fifty-fifth street for Italy when his purse with $300 was stolen from his pocket. A commotion followed on the steamship landing, where this all happened, and in the group of persons there at this occurrence were these two defendants, who were placed under arrest, because, as the policeman testified, " they were kind of suspicious," and charged with statutory vagrancy. Upon being searched, they were found to possess over $800 between them.

It is well to note here that there is no proof at all that any of the moneys found upon the defendants were the proceeds of the larceny.

The counsel for defendants argues that the record does not sustain the charges made against them. He contends that the four distinct elements to be proven before a person can be adjudged a vagrant are lacking, and that there should be a reversal for failure of proof. At the close of the People's case the defendants moved for a dismissal. The court reserved decision and requested to hear the defendants, both of whom testified and called witnesses in their support. I should hesitate long before disturbing the determination of the learned magistrate if, in my judgment, there was any evidence to justify his finding and conclusion; but here the evidence seems to me to be one-sided and might even warrant holding that there was an abuse of discretion. I think the interests of justice require a new trial.

At the trial the criminal records of both defendants were used by the district attorney for purposes of cross-examination only; but no affirmative proof was offered about the nature of the offenses or crimes in their prior record, except through the admission of the defendants that they had been previously convicted of disorderly

conduct. This does not meet the requirements of the statute *supra*. It is imperative that the People establish by competent proof beyond a reasonable doubt that, among other things, the accused has been previously convicted as a pickpocket, burglar or thief. The prosecution failed absolutely in this regard. And in this connection, I might add that the original record attached to the magistrate's return on appeal is no part of the trial itself. In proceedings respecting vagrancy, such proof must be adduced in the course of the trial and as part of it before any person otherwise offending against this law can be adjudged and punished as a vagrant.

What constitutes " visible means of support " in the case of one who otherwise violates the Code provisions in question and under consideration? Is it the mere possession of funds sufficient to provide sustenance for a given period or an income from a fund or other assured sources of income? Is it employment, temporary or permanent? Does it involve common loafing or an element of idleness and devoting one's time to eking out an existence through trickery or wrongdoing?

The mere possession of money, or even an entire lack of it, should not be regarded as proof positive either of " visible means of support " or the lack of such means within the meaning of this statute. In a case of this kind a certain sum of money might be possessed and carried about as a subterfuge to defeat the ·purposes of the statute. The very money possessed in certain cases might be the subject of a larceny, in which case it would be far from the " means " within the contemplation of the Code. Of course, the " means " must be legitimate and sufficient, the result of industry and honest effort and toil, or otherwise lawfully acquired. They are the " means " which honest men usually possess and employ, and not those of tricksters, fakirs, thieves and other violators of our laws. Whether the word " means " should be construed to include some sort of business, or source of profit, money or other property which afford a means of livelihood is an important consideration in this class of cases. I rather believe that no hard and fast rule should even be attempted, let alone fixed to fit all cases that might arise; rather the question ought to be left to the sound discretion and judgment of the trial court or judge, who must pass upon the facts in each case and in the light of them determine when one lacks visible means of support, which might vary considerably under different sets of circumstances. Whether one has visible means of support is essentially a question of fact, and the magistrate who tries the case must be arbiter of ·that question and decide, not as a matter of law, but as one of fact, if the accused from all the surrounding circumstances has means of his own or other facilities to support

himself reasonably and without devoting himself to a life of crime or wrongdoing.

The trial magistrate has not seen fit to accept the testimony of the defendants and their witnesses on the other questions involved or the explanation of these defendants as regards their presence on the steamship landing at that time. There is some testimony that each had employment. However, for the reasons assigned, the judgment must be reversed, and there must be a new trial, because the evidence is insufficient.