GENTRY *v.* TOWN OF BOONEVILLE.

(In Banc.   Dec. 10, 1945.)

[24 So. (2d) 88.   No. 36012.]

Wm. Riley Cunningham, of Booneville, for appellant.

**Griffith, J.,** delivered the opinion of the Court.

The Town of Booneville has by proper procedure ordained that violations, within the municipality, of any of the criminal statutes of the state, less than of felony, shall be offenses against the town. An affidavit before the mayor was made against appellant charging him with vagrancy, the affidavit being worded so as to make it under subparagraph (k) Sec. 2666, Code 1942. The subparagraph makes punishable, as a vagrant, ''Every able-bodied person who lives without employment or labor, and who has no visible means of support.'' Appellant was convicted, and on appeal to the circuit court was again convicted.

The facts were well proved that appellant is an able-bodied person twenty-three years of age; without property or income from property; without any visible means of support, and that for a period of more than a year he had idled around in the town without any employment except an occasional and unimportant odd job, and these not occupying as much as one-fifth of his time. But he defended on the ground that, as he says, when he was discharged from the army in July, 1943, he had in money $150, and that at an undisclosed date since his discharge he had drawn an additional sum of $200. He does not show that any further sum is due him. He testified in general terms that those two sums, together with the money from the occasional odd jobs, has been sufficient to pay his way up to the time of his arrest in August, 1944, without imposition upon others. He lives at the home of his mother to whom he claims he had paid during the thirteen months about $100 or a little more, in which connection it probably did not escape the attention of the jury that he did not introduce his mother as a witness. He did not say how he carried the money, whether on his person or whether he placed it in a chest or trunk. The alleged facts about the money rested solely on the general assertions in that regard by the accused himself.

In Branch v. State, 73 Tex. Cr. R. 471, 165 S. W. 605, it was held that a visible means of support must be that which is open and apparent, and that it is not sufficient to show that the accused has money which he keeps on his person. Compare People v. Cramer, 139 Misc. 545, 247 N. Y. S. 821, and City of Greenville v. Ward, 94 S. C. 321, 77 S. E. 1021. But it has never been regarded in this jurisdiction, either under the common law or during the long period of years within which we have had statutes on the subject, that a person who has sufficient money on hand from legitimate sources to take care of all his decent needs as a respectable member of the community without any imposition whatever on others, is a vagrant although he does no work and keeps his money concealed on his person or in some hidden depository. To hold such a person a vagrant when he conducts himself without offense, might endanger the statute upon a challenge that it transcends constitutional limitations, and it is a familiar rule that if it can be reasonably done we must so construe a statute as to avoid seriously endangering its constitutionality. See, for instance, Miller v. Sherrard, 157 Miss. 124, 130, 126 So. 903.

In our judgment it was not meant by the statute, when proof is made that the accused ''has no visible means of support,'' the other elements having also been proved, that this is an end of the inquiry, but that the quoted phrase was intended to establish a rule of evidence, City of Greenville v. Ward, supra, so that when the proof is made as stated, it makes out a case for the prosecution prima facie, and sufficient to sustain a conviction, unless the accused shall thereupon proceed with proof on his part that he has money or means, legitimately obtained, although hidden or otherwise not open and apparent, sufficient as aforesaid, and that when the accused so proceeds the question then becomes one of fact to be determined by the jury under all the circumstances, and that if these, in the sound discretion and judgment of the jury, corroborate the testimony of the accused he would

need no other witness; while if under all the circumstances the jury is not satisfied, they will not be bound to accept in satisfaction the unsupported statement of the accused although no witness is produced who is able to testify directly to the contrary—this because to hold otherwise would, in many cases, put it in the power of the accused, by his own unsupported assertions, to nullify the statute, and render it of no use.

Affirmed.

### Concurring Opinion.

**Sydney Smith, C. J.**, delivered a concurring opinion.

I concur in the affirmance of this judgment, but not on the construction put on the statute, in effect, amends it in a material particular.

The paragraph of the statute under which this prosecution was had, includes and excludes several things which cause it to present a serious question as to whether it can survive the crossing of the bar of due process. Its constitutional validity, however, is not here challenged.

The words "who has no visible means of support" set forth not a mere rule of evidence, but an essential element of the offense attempted to be created by the statute, and want of visible means of support must be proven before a conviction can be had for violating the statute. Visible means of support in this connection is such as is obvious, apparent or discoverable and excludes means of support, as, for instance, money, concealed and known only to the person charged with being a vagrant. Branch v. State, 73 Tex. Cr. R. 471, 165 S. W. 605. Consequently, if the jury should have here believed that the defendant had the, theretofore undisclosed, possession of the money he said he had, their verdict should still have been "guilty." This provision of the statute may be harsh, but if it is to be softened by amendment, the legislature, not the Court, should do so.

### Dissenting Opinion.

**Roberds, J.,** delivered a dissenting opinion.

I think the evidence in this case is insufficent to convict the defendant. I also reserve any opinion as to the constitutionality of the statute under which the charge is made and the sufficiency of the affidavit in this case, neither question being raised on this appeal.