Charles Stokes et al. v. E. Winfree et al.

Decided June 8, 1900.

1. **Live Stock Law Prohibiting Animals from Running at Large—Inclusion of Adjoining Territory.**

Article 4997 of the Revised Statutes provides that when an election has been held in a subdivision of a county in which the stock law has been defeated, no other election therefor shall be held within twelve months, and article 5001c (Act of April 22, 1899, p. 81) provides that when there are no freeholders in territory adjoining a subdivision of a county which has adopted the stock law, the commissioners court,

upon petition of the landowners, shall extend the stock law to such territory. Held, that there is no conflict between the two articles, and the latter obtains even in a case where the adjoining territory sought to be annexed to a stock law district lies within a subdivision in which the stock law was defeated at an election held within less than twelve months then past.

**2. Same—Mandamus to Commissioners Court.**

The provisions of article 5001c are mandatory, and the commissioners court may be compelled by mandamus to enter an order annexing such adjoining territory.

APPEAL from Houston. Tried below before Hon. WILLIAM H. WILSON.

*A. A. Aldrich,* for appellants.

*John I. Moore,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for mandamus, brought by appellants to compel the Commissioners Court of Houston County to enter an order extending the stock law to certain territory owned by appellants in Houston County, and which is alleged to be adjoining justice precinct No. 1 in said county in which the stock law prohibiting the running at large of hogs, sheep, and goats has been adopted and is in force. The agreed statement of the case prepared in accordance with article 1414, Revised Statutes, contains the following: "It is agreed that the only question in this case is the construction of article 5001c, same being part of section 1 of chapter 57 of the Acts of the Twenty-sixth Legislature, page 81. Can the stock law be extended to territory adjoining a subdivision of a county which has adopted the stock law, when such territory constitutes part of another subdivision of the county in which a stock election has been held within less than a year and the stock law defeated?" We think this question should be answered in the affirmative. The article of the statute above referred to reads as follows:

"Whenever there is a territory between two subdivisions of a county which have adopted a stock law, or when there is territory adjoining a subdivision which has adopted the stock law, and in such territory there are less than fifty freeholders, an election shall be ordered on the petition of a majority of the freeholders residing in such territory, and the election shall be held as provided by law in other cases relating to the adoption of the stock law. And in cases where there are no freeholders on such intervening or adjoining territory, then, on the petition of the owner or owners of the land to the commissioners court, the said commissioners court shall issue an order extending the stock law to said territory, and the same shall be included in the territory of such adjoining subdivision."

This statute is mandatory, and when the conditions exist which entitle the owner of the land to have same placed under the stock law, the commissioners court has no discretion in the matter, and can be compelled by mandamus to grant the application of the owner and enter an

order extending the stock law to such adjoining territory. The agreement before quoted eliminates all questions as to whether such conditions exist, except in so far as the right of the owner to have such order entered may be effected by the fact that the territory sought to be annexed to said precinct No. 1 lies within precinct No. 7, in which precinct a stock law election has been held within less than twelve months, and at which election the stock law was defeated. We do not think article 4997 of the Revised Statutes, which provides that when a stock law election has been held in any subdivision of a county and the stock law defeated, no other election for such purpose shall be held within that locality for the space of twelve months thereafter, in any way restricts the right of a land owner to have his land placed under the stock law as provided in article 5001c, nor do we think there is any conflict between the two articles. The general policy of the Legislature, as shown in all of the statutes upon the subject, has been favorable to the adoption and extension of the stock law in order that the agricultural interests of the State may be relieved of the expense of fencing against the depredations of stock, and prior to the passage of the Act of 1899, which contains article 5001c, before quoted, after the stock law had once been adopted by a county or a subdivision thereof there was no method provided by which such county or subdivision could repeal the law. The last Legislature, recognizing the fact that the stock law might be improvidently adopted in some localities, conferred the right upon the majority of the freeholders of any county or subdivision thereof to repeal the law at any time not less than two years after the adoption of the law by such county or subdivision; and where such subdivision of a county which might repeal the stock law adjoined another subdivision of same in which the law remained in force, the nonresident owners of land in the subdivision repealing the law which adjoins a subdivision in which the law remains in force, who are not allowed to vote at the election in which the law is repealed, are given the right to keep their land under the stock law by having same attached to the adjoining subdivision in which the law remains in force. We think the object and purpose of the article in question is clear, and appellants are entitled to the relief prayed for by them. The judgment of the court below is reversed and this cause is remanded, with instructions to the trial court to grant the mandamus prayed for by appellants.

*Reversed and remanded.*